IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as Personal Representative
of the ESTATE OF RONALD K. CANNON,
deceased,

    Plaintiff,

vs.                                    MC. No. 17-044 JCH

SKILLED HEALTHCARE, LLC, ST. JOHN
HEALTHCARE AND REHABILITATION
CENTER, LLC, GENESIS HEALTHCARE,
INC., JENNY KINSEY, DIANA GOMEZ-PENA
MIRANDA ANDERSON, and DOES 1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This miscellaneous case, which was opened by the Defendants, is before the Court on the Defendants' *Petition to Perpetuate Testimony and Compel Third Party Depositions* [Doc. 1]. This case is ancillary to an underlying case in state court, *Hunt v. Skilled Healthcare*, D-101-CV-2015-00897, in which Plaintiff asserts claims of nursing home negligence and wrongful death. According to the Defendants' brief petition, an "important issue[] in this case relates to the treatment that Ronald Cannon received while a patient at the Veterans' Administration Hospital and the expectations of VA providers about the level of care he would receive in the nursing home." Doc. 1 at 1. The purpose of Defendants' petition is to ask the Court to compel the Veterans' Administration to allow Defendants to depose six individuals involved in the treatment of Plaintiff's decedent at the Veterans' Administration hospital, including three physicians, two

social workers, and one occupational therapist. According to Defendants, Plaintiffs have argued in the underlying state case that VA medical records states that the decedent required a higher level of care than what Defendants provided to him—a contention that Defendants dispute. Hence, Defendants seek to depose the VA medical providers about the meaning of those records.

Defendants acknowledge that requests to depose VA employees in cases where the VA is not a party are governed by regulations codified at 38 C.F.R. § 14.800 et seq. These are internal VA regulations requiring VA officials to apply certain criteria to determine whether or not to permit VA employees to testify or provide documents. *See, e.g., Solomon v. Nassau County*, 274 F.R.D. 455, 458 (E.D.N.Y. 2011). By its express terms, 28 C.F.R. § 14.804 states that "[i]n deciding whether to authorize . . . the testimony of VA personnel, *VA personnel responsible for making the decision* should consider the following types of factors." (emphasis added). If such a request is denied by the VA, then the applicant may challenge that decision in federal court. *See, e.g., Solomon*, 274 F.R.D. at 457; *Rhoads v. U.S. Dept. of Veterans Affairs*, 242 F. Supp. 3d 985 (E.D. Ca. 2017).

"To obtain information from a federal agency, a party 'must file a request pursuant to the agency's regulations, and may seek judicial review only under the [Administrative Procedures Act].'" *Cabral v. U.S. Dept. of Justice*, 587 F.3d 13, 22-23 (1st Cir. 2009) (quoting *Commonwealth of Puerto Rico v. U.S.*, 490 F.3d 50, 61 n. 6 (1st Cir. 2007). Under the APA, a reviewing court may overturn an agency's decision to deny disclosure only if the decision is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Copar Pumice Co. v. Tidwell*, 603 F.3d 780, 793 (10th Cir. 2010). Here, Plaintiffs have not sought review of the agency decision under the Administrative Procedures Act, nor have they set forth any record upon which this Court can properly review

2

the agency decision at issue. Further, the VA has not had the opportunity to defend its administrative decision in court. The relief that Plaintiffs request based upon their slender motion alone—an order requiring the VA to produce its employees to testify—is simply unavailable to them as presented here, a motion filed in a miscellaneous case to which the VA is not a party.

**IT IS THEREFORE ORDERED** that Defendants' *Petition to Perpetuate Testimony and Compel Third Party Depositions* [Doc. 1] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**